IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| DUNCAN J. McNEIL, III, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV05-267-N-LMB |
| | ) | (lead case) |
| vs. | ) | |
| | ) | **INITIAL REVIEW ORDER** |
| U.S. DISTRICT COURT CLERK, U.S. | ) | |
| BANKRUPTCY COURT CLERK, | ) | |
| U.S. MARSHAL SERVICE, FBI, | ) | |
| IRS, SECRET SERVICE, SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| DUNCAN J. McNEIL, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. CV05-197-N-LMB |
| vs. | ) | (consolidated case) |
| | ) | |
| UNITED STATES, et al., | ) | |
| | ) | |
| Defendants, | ) | |
| _____ | ) | |

Plaintiff is an inmate in the Spokane County Jail, and pending before the Court is the review of Plaintiff's Complaint filed in Case No. CV05-197-N-LMB and his Amended Complaint filed in Case No. CV05-267-N-LMB to determine whether they are subject to summary dismissal pursuant to 28 U.S.C. § 1915 (e)(2)(B). The Court

INITIAL REVIEW ORDER - 1

previously ordered that the two cases be consolidated.  Plaintiff consented to the jurisdiction of a Magistrate Judge to determine the matter, in accordance with 28 U.S.C. § 636 (c) and Fed. R. Civ. P. 73.

Having carefully reviewed the record in this matter, the Court has determined that Plaintiff's claims against all Defendants are subject to dismissal for failure to state cognizable constitutional claims.  Accordingly, Plaintiff's request for *in forma pauperis* filing status and all other pending motions are denied without prejudice.  Plaintiff will be given leave to file an amended complaint.

## I.

## REVIEW OF COMPLAINT

### A.  Background

Plaintiff is currently incarcerated in a jail located in Spokane, Washington.  He filed two Complaints, containing substantially the same allegations.  The Complaints are described as (1) a request for an order compelling the United States to perform its duty; (2) a request for a declaratory judgment; (3) a request for a writ of mandamus and prohibition; (4) and a request for the registration, entry, and execution of a foreign judgment.  *Complaint*, CV05-197-N-LMB, Docket No. 2, p. 1.

Plaintiff names the following Defendants in the Complaints: (1) writ #02-0002; (2) the United States; (3) Judge Edward J. Lodge; (4) Clerk – U.S. District Court–Idaho; (5) Clerk – U.S. Bankruptcy Court–Idaho; (6) U.S. Attorney; (7) U.S. Marshal Services; (8) Federal Bureau of Investigation; (9) Secret Service; (10) Internal Revenue Service;

(11) Social Security Administration; and (12) fictitiously named non-governmental judgment debtors. *Id*.; *Second Amended Complaint,* CV05-267-N-LMB, Docket No. 11, p. 1.

Plaintiff alleges that he is a judgment creditor and "lawful owner of certain foreign judgments." He also claims that he is bringing the action as an "officer of the United States as defined by 42 U.S.C. § 1985(1)." *Complaint*, CV05-197-N-LMB, p. 2. He describes himself as a liquidating trustee and general manager of a reorganized debtor, Broadway Building II, L.P. He alleges that he became the trustee pursuant to a U.S. Bankruptcy Court proceeding in the Central District of California. *Id*.

Plaintiff also refers to three bankruptcy actions filed in the Eastern and Western Districts of Washington, and one bankruptcy action filed in the District of Idaho. He also refers to a state court action filed in Spokane County Superior Court. Plaintiff alleges that Defendants have failed to execute their ministerial duties to grant full faith and credit to the foreign judgments that were allegedly obtained in these actions. He further alleges that his constitutional rights are being violated because he attempted to execute on foreign judgments. *Complaint*, CV05-197-N-LMB, Docket No. 2, p. 4.

Plaintiff further alleges that Defendants have failed to make disclosures to him as mandated by the Freedom of Information Act, and that they have disseminated inaccurate information about him. *Id.*, p. 7. Plaintiff also appears to be challenging his confinement in the Spokane County Jail. He alleges that he is being held unlawfully and in violation

of his constitutional rights. He further alleges that he is being retaliated against for attempting to collect on the foreign judgments. *Id.*, p. 3.

Additionally, Plaintiff generally alleges that he is a qualified individual with a disability, and he requests reasonable accommodation for his disability. The Complaint does not set forth the nature of Plaintiff's disability, the type of discrimination to which he has been subjected, nor the accommodation he requests. *Complaint*, CV05-267-N-LMB, p. 5.

Finally, Plaintiff claims that his medication is being withheld from him, and he has not received necessary medical treatment. He also generally alleges that he is being denied other services such as mental health counseling, religious counseling, exercise, and personal hygiene. *Id.*, p. 5.

Plaintiff requests the following relief: (1) the enforcement of foreign judgments; (2) the imposition of an automatic stay; (3) the modification of purged records; and (4) an award of compensatory and punitive damages.

**B. Discussion of Applicable Law**

The Court is required to review complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915. The Court must dismiss a complaint or any portion thereof which states a claim that is frivolous or malicious, that fails to state a claim upon which relief can be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

INITIAL REVIEW ORDER - 4

### 1. *Bivens* and Section 1983 and 1985 Claims

Based on the allegations in Plaintiff's Complaints, it appears that he may be attempting to file an action under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). In *Bivens*, the United States Supreme Court recognized a cause of action for monetary damages against federal officials in their individual capacities for a violation of constitutional rights. *Id*. at 396. Plaintiff has named several federal government agencies in the Complaints, but this type of claim is barred by the doctrine of sovereign immunity. "The United States has not waived sovereign immunity in a *Bivens* suit for monetary damages or injunctive relief." *Oladipupo v. Austin*, 104 F. Supp. 2d 623, 625 (D. La. 200) (citing *U.S. v. Rural Elec. Convenience Coop. Co.*, 922 F.2d 429, 434 (7th Cir. 1991)); *Garcia v. U.S.*, 666 F.2d 960, 966 (5th Cir. 1982). Therefore, these claims are subject to dismissal.

Similarly, any claims for injunctive relief against individual employees of the federal agencies in their official capacities would be considered claims against the United States and are barred by the doctrine of sovereign immunity. *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 687 (1949).

Additionally, some of Plaintiff's allegations can be construed as claims brought under 42 U.S.C. § 1983, the civil rights statute. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

In *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989), the court outlined the requirements for a finding of proximate causation:

> Liability under section 1983 arises only upon a showing of personal participation by the defendant. *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir.1979). A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under section 1983.

Based on the personal participation standard, Plaintiff has failed to state cognizable constitutional claims against any of the Defendants. Plaintiff is advised that the allegations in the amended complaint must link the constitutional violations with the Defendant who allegedly participated in the violation.

It also appears that Plaintiff may be attempting to bring an action against a county entity. A local governmental entity may only be sued where it is alleged that the execution of a government's policy or custom inflicted the injury of which Plaintiff complains. *Monell v. Dept. of Soc. Serv. of New York*, 436 U.S. 658, 694 (1978). That is, "a municipality can be found liable under § 1983 only where the municipality itself causes the constitutional violation at issue." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

Plaintiff also cites 42 U.S.C. § 1985 as a basis for his lawsuit. Section 1985 governs conspiracies to interfere with civil rights.[1] Plaintiff's Complaint does not specify

---

[1] 42 U.S.C. § 1985 provides, in pertinent part, as follows.
(2) . . . if two or more persons conspire for the purpose of impeding, hindering,

the subsections of Section 1985 under which he brings his claims, but the pertinent portions of the statute for his claims appear to be Sections 1985(2) and (3). In order to state a claim under either Section 1985(2) or (3), Plaintiff must allege a racial or class-based discriminatory animus behind the conspirators' actions. *See Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989); *see also A & A Concrete, Inc. v. White Mountain Apache Tribe*, 676 F.2d 1330, 1333 (9th Cir. 1982) (claims under sections 1985(2) and 1985(3) require the element of class-based animus). Plaintiff has failed to allege that he is a member of a racial group or other protected class against whom a conspiracy was perpetrated. Therefore, if he cannot amend the Complaint to state allegations placing him in this protected group of individuals, he must omit this claim from the amended complaint.

---

obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws;

 (3) If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws;  or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws;  or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy;  in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

Plaintiff's allegations in support of these claims are extremely difficult to understand, and it appears that he has been incarcerated on charges relating to his attempts to collect on the "foreign judgments" that are described in the Complaints. Based on what the Court has been able to discern from Plaintiff's lengthy allegations and numerous pages of attachments, the Court provides the following directives to Plaintiff regarding the applicable legal standards.

### 2. Challenging Confinement

After reviewing the facts in the instant action, Plaintiff is advised that the challenge to his confinement may be barred under the doctrine set forth in *Heck v. Humphrey* and subsequent cases interpreting it. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by action whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination , or called into question by a federal court's issuance of a writ of habeas corpus. . . . [T]he complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. at 486-87; *see also Cunningham v. Gates*, 312 F.3d 1148, 1153-54 (9th Cir. 2002)("if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed").

INITIAL REVIEW ORDER - 8

It is not clear from Plaintiff's allegations whether he is a pre-trial detainee or whether he is serving a jail sentence based on a criminal conviction.  Plaintiff is advised that any challenge to his present incarceration must be brought as a habeas petition because the Court cannot order his release from the Spokane County Jail as part of a civil rights claim.  The Supreme Court has held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  Accordingly, release from incarceration based upon a challenge to one's conviction or sentence is not an available remedy in an action brought under 42 U.S.C. § 1983.

The Court also informs Plaintiff that the proper venue for a challenge to his conviction or pre-trial detention is in the federal court in the Eastern District of Washington.

### 3.  Challenging a State Court Decision

Plaintiff appears to be challenging actions taken in a Washington state court proceeding.  Thus, he is advised that this Court may lack subject matter jurisdiction over these claims.  A federal district court has no jurisdiction "over challenges to state-court decisions, in particular cases arising out of judicial proceedings, even if those challenges allege that the state court's action was unconstitutional."  *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983).  "This rule applies even though . . . the

INITIAL REVIEW ORDER - 9

challenge is anchored to alleged deprivations of federally protected due process and equal protection rights." *Id.* at 486 (internal citation omitted).  Rather, under 28 U.S.C. § 1257, "the proper court in which to obtain such review is the United States Supreme Court." *Worldwide Church of God v. McNair,* 805 F.2d 888, 890 (9th Cir. 1986).

It also appears that Plaintiff may be challenging state court divorce proceedings. Family law matters are within the exclusive jurisdiction of the state courts.  *See Ankenbrandt v. Richards*, 504 U.S. 689, 693-94 (1992) (the United States Supreme Court has recognized a "domestic relations exception" to federal jurisdiction, which means that federal courts may not hear divorce, alimony, or child custody cases).  Accordingly, Plaintiff should not include any claims arising out of state court divorce proceedings in an amended complaint.

### 4. Writ of Mandamus Standard

Plaintiff's Complaint requests relief pursuant to a writ of mandamus.  He specifically requests that a writ issue to various federal agencies to execute on foreign judgments.  28 U.S.C. § 1361 provides that "[t]he district court shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Mandamus is considered an extraordinary remedy.  *See Barron v. Reich*, 13 F.3d 1370, 1374 (9th Cir. 1994).  A writ of mandamus will be issued only when (1) the Petitioner's claim is clear and certain; (2) the Respondent's duty to act is ministerial and plainly

prescribed; and (3) no other adequate remedy is available to Petitioner.  *See Fallini v. Hodel*, 783 F.2d 1343, 1345 (9th Cir. 1986).

A review of the allegations in the Complaints and the accompanying attachments shows that Plaintiff has failed to meet the standard for issuance of a writ of mandamus.  It is also unclear whether Plaintiff has sought relief from the courts rendering the judgments on which he is allegedly trying to execute.  Based on the legal standard for issuance of the writ, these portions of Plaintiff's Complaints are dismissed.

### 5.  Judicial Immunity Standards

Plaintiff named U.S. District Judge Edward J. Lodge as a Defendant in this action.  Under the doctrine of absolute judicial immunity, a judge is not liable for monetary damages for acts performed in the exercise of his judicial functions.  *Stump v. Sparkman*, 435 U.S. 349 (1978).  To determine whether an act is judicial in nature, the Court looks to "the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity."  *Stump v. Sparkman*, 435 U.S. at 362.

Once it is determined that a judge was acting in his judicial capacity, absolute immunity applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff."  *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (internal citations omitted).

The allegations in the Complaints do not link Judge Lodge with any constitutional violations, and his name only appears in the caption.  Therefore, the Complaints contain

INITIAL REVIEW ORDER - 11

no basis for a claim against Judge Lodge.  Plaintiff is advised to follow the directive relating to judicial immunity in the event he files an amended complaint.

### 6.  Freedom of Information Act

The FOIA generally provides for the mandatory disclosure of information held by federal agencies to the public, unless the requested material is exempt from mandatory disclosure by an exemption provided in the FOIA.  *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 220-221 (1978); 5 U.S.C. § 552.  The FOIA applies only to "agencies" as that term is defined under 5 U.S.C. § 551(1)[2] and 5 U.S.C. § 552(e).[3]  *St. Michael's Convalescent Hosp. v. California*, 643 F.2d 1369, 1372-73 (9th Cir.1981).  By definition, "agency" does not include state agencies or entities.  *Id*.

Plaintiff has failed to provide any allegations regarding the information he allegedly sought and the federal agencies to which the request was directed.  Based on the minimal description of the FOIA claim, it is subject to dismissal.

### 7.  Eighth Amendment Medical Claims

For an inmate to state a claim under § 1983 for medical mistreatment or denial of medical care, the prisoner must allege "acts or omissions sufficiently harmful to evidence

---

[2]Section 551(1) provides, in pertinent part, that: "[f]or the purposes of this subchapter (1) "agency" means each authority of the Government of the United States. . . ."

[3]Section 552(e) provides that: "[f]or purposes of this section, the term 'agency' as defined in section 551(1) of this title includes any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency."

deliberate indifference to serious medical needs." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (citing *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976)). Plaintiff claims that the individual Defendants were denying him medication and medical treatment. These allegations are sufficient to state an Eighth Amendment claim, but Plaintiff has failed to state the individuals who allegedly violated his Eighth Amendment rights. Therefore, this claim is subject to dismissal. Plaintiff is also advised that the proper venue for this claim is the Eastern District of Washington.

### 8. Americans with Disabilities Act Claim

Plaintiff also claims that Defendants violated the Americans with Disabilities Act (ADA) Title II, 42 U.S.C. § 12131-34. The ADA extends to prison inmates who are deprived of the benefits of participation in prison programs, services, or activities because of a physical disability. *Pennsylvania Dept. of Corrections v. Yeskey*, 524 U.S. 206, 118 S. Ct. 1952 (1998). Title II of the ADA applies to a "qualified individual with a disability who with or without reasonable modifications to rules, policies, or practices, . . . meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." 42 U.S.C. § 12131(2). A "disability" must fit one of three definitions under 42 U.S.C. § 12102(2) to be actionable under the ADA: there must be "(A) a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual; [or] (B) a record of such an impairment; or (C) being regarded as having such an impairment." Plaintiff appears to be asserting his claims under 42 U.S.C. § 12102(2)(A).

INITIAL REVIEW ORDER - 13

Plaintiff has failed to include allegations relating to his disability and the alleged manner in which Defendants discriminated against him.  Plaintiff has also failed to name the Defendants against whom the ADA claim is being brought.  He is advised that ADA claims may not be brought against individual defendants in their individual capacities. *See Lollar v. Baker,* 196 F.3d 603, 610 (5th Cir. 1999) (citing *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1010-11 (8th Cir.1999) (the ADA's comprehensive remedial scheme bars the plaintiff's section 1983 claims against the commissioners in their individual capacities); *Baird v. Rose,* 192 F.3d 462, 471 (4th Cir. 1999) (Title II of the ADA does not recognize a cause of action for discrimination by private individuals, only public entities).  Therefore, he must name the public entity which is allegedly discriminating against him as the defendant for this claim.  Plaintiff is also informed that the proper venue for the ADA claim is the Eastern District of Washington.

Based on the foregoing, the Court dismisses Plaintiff's Complaints without prejudice.  Plaintiff will be given leave to file one amended complaint in the consolidated case within thirty (30) days of the date of this Order in accordance with the guidelines set forth above.  Plaintiff may refer to the exhibits attached to his initial Complaints when filing an amended complaint, but he shall not re-file the exhibits a second time.  In the event Plaintiff cannot meet the required legal standards set forth above, he may file a request for voluntary dismissal of this action.

Finally, Plaintiff's motions will be denied without prejudice to re-filing them. Plaintiff may request *in forma pauperis* filing status when he files his amended complaint.

INITIAL REVIEW ORDER - 14

## II.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED:

1. Plaintiff's Complaints are subject to dismissal without prejudice for failure to state claims upon which relief can be granted pursuant to 28 U.S.C. § 1915 (e)(2)(B). Plaintiff may file one amended complaint in accordance with the guidelines set forth above within thirty (30) days of the date of this Order.

2. The following motions are DENIED without prejudice:

**Case Number CV05-197-N-LMB:** Motion for Leave to Proceed for *in forma pauperis* (Docket Nos. 1, 6, and 7) and all parts therein.

**Case Number CV05-267-N-LMB:** Motion to Appoint Counsel (Docket No. 1) and all parts therein; Motion for Injunctive Relief (Docket No. 7) and all parts therein; Motion for Ex Parte Findings (Docket No. 8) and all parts therein; and Motion to Amend/Correct Complaint (Docket No. 10) and all parts therein.

DATED: **November 16, 2005**.

Honorable Larry M. Boyle
Chief U. S. Magistrate Judge